IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
     v.                         )     No. 98 CR 700
                                )
DERRICK MOSLEY,                 )
                                )
            Defendant.          )

                        MEMORANDUM ORDER

    On December 29, 2009 Probation Officer Ronald Byrne prepared a Special Report requesting a hearing for a modification to the conditions of supervised release. Mosley's supervised release term was then due to expire on February 12, 2010, but the facts set out in the Special Report reflected Mosley's undisputed violation of his obligation to pay restitution (imposed as part of his original sentence).

    This Court promptly set a hearing, which was held on January 19, 2010. Although this Court inquired of Mosley whether he had counsel to represent him or, if such was not the case, he wished to seek the appointment of counsel under the Criminal Justice Act, Mosley insisted that he wished to represent himself.

    This Court honored Mosley's request, heard the matter out, found that he had committed the claimed violation and accepted Probation Officer Byrne's extremely modest recommendation for a single day's custodial sentence (involving nothing more than Mosley's reporting to the United States Marshal's lockup and

being processed), a sentence that permitted the reimposition of supervised release for an extended term.

Now Mosley has just filed a motion seeking a hearing to reconsider this Court's order, charging Probation Officer Byrne with "the duress of unfair treatment and abuse of power." That motion has reminded this Court once again of the well-known epigram by Oscar Wilde in Act III of Lady Windermere's Fan:

> In this world there are only two tragedies. One is not getting what one wants, and the other is getting it.

In that respect this Court would be remiss if it did not make clear to Mosley that but for Probation Officer Byrne's moderate recommendation this Court's normal reaction to Mosley's violative conduct in light of his background would have been to revoke supervised release and to impose a substantial custodial sentence. Unfortunately for Mosley, this Court follows the practice of retaining its chambers files in criminal cases until a sentenced defendant has completed service of any sentence that it has imposed (including any term of supervised release or probation) and it has done so here.

This Court's review of the retained file has reconfirmed its strong recollection that Mosley has demonstrated himself over a span of nearly a quarter century to be an inveterate con man. Worse, he always portrays himself as a paragon of morality and

reflects a total denial of his own culpability.[1]

In short, this Court is prepared to honor Mosley's effort to obtain reconsideration promptly, with Mosley acting either pro se or through counsel at his choice. But Mosley must understand that if a hearing for such reconsideration were to be granted, this Court would not consider itself to be bound by the Probation Officer's recognition--instead it would exercise its own independent judgment as to the manner in which the justice system should respond to Mosley. This Court awaits Mosley's immediate response as to whether he wishes to pursue or to withdraw his new motion.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 27, 2010

---

[1] Among other things, this Court's retained notes reflect that Mosley's consistent efforts at self-portrayal brought to mind the term "whited sepulchre" as described in Matthew 23:27:

> Whited sepulcres, which indeed appear beautiful outward, but are within full of dead men's bones.

3